**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **NORMA QUINTANA** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:23-cv-95** |
| | § | |
| **STARBUCKS CORPORATION** | § | |

<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Now comes Defendant, Starbucks Corporation ("Starbucks"), and files this its Notice of Removal of the present action from the 406th Judicial District Court of Webb County, Texas, where it was filed as Cause No. 2023CVF001130D4 ("the State Court Action"), to the United States District Court for the Southern District of Texas, Laredo Division. As grounds for removal, Starbucks states as follows:

**I. <span style="font-variant:small-caps">Introduction</span>**

1.     The present personal injury suit arises from an incident that allegedly occurred on or about October 12, 2021 at the Starbucks premises located at 10719 McPherson, Laredo, Webb County, Texas.[1] At the time of the alleged incident, Plaintiff claims she was served a hot coffee drink on which the lid was not secure, thereby causing the beverage to spill onto Plaintiff.[2]

2.     On July 27, 2023, Plaintiff filed the State Court Action naming Starbucks as the only Defendant and asserting claims of negligent activity and premises liability.[3] As damages, Plaintiff seeks mental anguish and physical pain in the past and future, physical impairment and

---

[1] *See* Plaintiff's Original Petition ¶ IV, ***Exhibit "1"*** attached hereto.

[2] *See* Plaintiff's Original Petition ¶ IV, ***Exhibit "1"*** attached hereto.

[3] *See* Plaintiff's Original Petition ¶ V, ***Exhibit "1"*** attached hereto.

disfigurement in the past and future, reasonable medical expenses in the past and future, lost wages in the past, and loss of earning capacity in the future.[4]

3.    Pursuant 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Starbucks in the State Court Action are attached hereto.

## II.  REMOVAL IS TIMELY

4.    Plaintiff served Starbucks with process on August 11, 2023.[5] Pursuant to 28 U.S.C. § 1446(b)(3), Starbucks now timely files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. Additionally, this case is being removed within one year of commencement of the action, as required by 28 U.S.C. § 1446(c)(1).

## III.  GROUNDS FOR REMOVAL

5.    Removal is proper because Plaintiff and Starbucks are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

A.    The Amount in Controversy Exceeds $75,000

6.    As required by under section 28 U.S.C. 1332(a), the amount in controversy in this litigation exceeds the sum or value of $75,000, exclusive of interest and costs. As noted in paragraph I.2 above, Plaintiff seeks recovery for personal injuries, losses and/or damages she alleges to have sustained and requests monetary relief over $250,000 but not more than $1,000,000.[6]

---

[4] *See* Plaintiff's Original Petition ¶ VI, ***Exhibit "1"*** attached hereto.

[5] *See* Return of Citation, ***Exhibit "4"*** attached hereto.

[6] *See* Plaintiff's Original Petition ¶ IV, ***Exhibit "1"*** attached hereto.

B.    Complete Diversity of Citizenship Between Plaintiff and Starbucks

7.    Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir.2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).  Complete diversity exists in this case between Plaintiff and Starbucks because Plaintiff is a citizen of the State of Texas, and Starbucks is a Washington corporation, with its principal place of business in Seattle, Washington. *See* 28 U.S.C. § 1332 (c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").  Here, Plaintiff and Defendant are citizens of different states, thus, complete diversity of citizenship exists between the parties. *See McLaughlin*, 376 F.3d at 353; *Harvey*, 542 F.3d at 1079.

## II. Venue is Proper

8.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the location in which the removed State Court Action has been pending. Specifically, the Houston Division of the Southern District of Texas encompasses Webb County, Texas. *See* 28 U.S.C. § 124(b)(3).

## III. Compliance With Procedural Requirements

9.    As required under 28 U.S.C. § 1446(a) and Local Rule 81, the following documents are attached to this Notice of Removal:

a.    ***Exhibit 1***:    Plaintiff's Original Petition;

b.    ***Exhibit 2:***    Citation;

c.    ***Exhibit 3***:     State Court's Notice of Calendar Call;

d.       *Exhibit 4:*       Notice of Service of Process;

e.       *Exhibit 5:*       Defendant's Original Answer; and

f.       *Exhibit 6*:       Docket sheet from State Court Action.

10.    A Notification of Removal of Civil Action will be filed with the District Clerk of Webb County, Texas as required by 28 U.S.C. § 1446(d) and served on Plaintiff's attorney of record.

11.    The filing fee has been paid to the Clerk of the Court.

### IV.  NOTICE

12.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Webb County District Clerk and a copy provided to counsel of record for Plaintiff.

### V.  JURY DEMAND

13.    A jury demand was made in the State Court Action.

### VI.  CONCLUSION AND PRAYER

14.    Starbucks represents that it has complied with the removal statutes set forth above, and, thus, this action stands removed from the 406th Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division. Accordingly, the filing of this notice, along with the filing of the notice in the State Court Action and service of same upon Plaintiff's counsel serves to immediately confer exclusive jurisdiction of this action upon this Court and divests the state court of all jurisdiction over these proceedings and claims.

15.    This Notice of Removal is filed expressly subject to and without waiving any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

Respectfully submitted,

**MEHAFFYWEBER, P.C.**
4040 Broadway, Suite 522
San Antonio, Texas 78209
Telephone:        (210) 824-0009
Facsimile:        (210) 824-9429

By:        _/s/ Gayla Corley_

**GAYLA CORLEY**
State Bar No.  00790505
Southern District ID No. 20181
Email: gaylacorley@mehaffyweber.com
**GABRIEL M. ELORREAGA**
State Bar No. 24121616
Southern District ID No. 3678393
Email: gabrielelorreaga@mehaffyweber.com
**ATTORNEYS FOR DEFENDANT,
STARBUCKS CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed with the Clerk of the United States District Court for the Southern District of Texas, Laredo Division, and that a true and correct copy of the foregoing instrument and the documents referred to herein will be served upon all counsel of record pursuant to ECF as to Filing Users on this the 1st day of September, 2023.

_/s/ Gayla Corley_

**GAYLA CORLEY**